UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-81129-CIV-MIDDLEBROOKS/SNOW
05-80063-CIV-MIDDLEBROOKS

QUINTON BANNISTER,

    Movant

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Movant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 6), which was referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation. The Motion is fully briefed and ripe for consideration

### I. PROCEDURAL HISTORY

On June 16, 2005, the Movant was charged by Superseding Indictment with three counts of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Counts 1, 5 and 8); one count of bank robbery, in violation of 18 U.S.C. §§ 2213(a) and (d) (Count 2); three counts of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 3, 6 and 9), and three counts of using or carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 4, 7 and 10). (Case No. 05-cr-80063, ECF No. 32) The § 924(c) counts of the Superseding Indictment specifically identified the predicate crimes of violence as follows: Count 4 was predicated on Counts 1, 2 and 3 (conspiracy to commit bank robbery, bank robbery and conspiracy to commit Hobbs Act robbery); Count 7 was predicated on Counts 5 and

6 (conspiracy to commit bank robbery and conspiracy to commit Hobbs Act robbery), and Count 10 was predicated on Counts 8 and 9 (conspiracy to commit bank robbery and conspiracy to commit Hobbs Act robbery). Id.

The Movant proceeded to trial, and on February 9, 2006, a jury found him guilty of all counts of the Indictment. (Id., ECF No. 123) As to Counts 4 and 10, the jury specifically found that a firearm was brandished during the commission of each offense. Id. On May 16, 2006, the Court sentenced the Movant to a total prison term of 946 months: 60 months imprisonment as to each of Counts 1, 5 and 8; 262 months as to Count 2, and 240 months on each of Counts 3, 6 and 9, all to run concurrently. Additionally, the Movant was sentenced to 84 months imprisonment on Count 4, to run consecutively to the sentences imposed on Counts 1-3, 5 and 8-9); a 300-month consecutive prison term as to Count 7, and a 300-month consecutive sentence on Count 10. ( Id. ECF No. 137)

The Movant appealed, challenging: (1) the sufficiency of the evidence against him; (2) the trial judge's refusal to sever counts; (3) several evidentiary rulings; (4) the jury instructions, and (5) the computation and reasonableness of his sentence. In an unpublished decision rendered on July 16, 2008, the Eleventh Circuit Court of Appeals affirmed the judgment of this Court. (Id., ECF No. 160). On July 22, 2009, the Movant filed a pro se § 2255 motion, alleging: (1) he is actually innocent of his § 924(c) convictions; (2) he was denied his right to effective assistance of counsel because his trial counsel failed to properly advise him of a possible plea agreement; (3) the district court lacked jurisdiction over the § 924(c) counts, and (4) he was deprived of his right to due process of law because he did not receive his trial and sentencing transcripts to assist in preparing the § 2255 motion. (Id., ECF No. 169) The § 2255 motion was denied by the trial court and the Movant did not appeal. (Id. ECF No. 169)

On July 28, 2016, the Eleventh Circuit granted in part the Movant's request to file a successive § 2255 motion challenging his § 924(c) convictions under Johnson v. United States, 576 U.S. 591 (2015). (Id. at 179) The trial court denied the motion and declined to grant the Movant a certificate of appealability (Id.,ECF Nos. 181-182). The Eleventh Circuit likewise refused to grant a certificate of appealability and the United States Supreme Court denied certiorari. Order, Bannister v. United States, (11th Cir. Nov. 18, 2018) (Case No. 17- 14176); Bannister v. United States, 139 S.Ct. 1395 (2019).

On July 13, 2020, the Eleventh Circuit granted the Movant leave to file the instant Motion, which challenges his § 924(c) convictions (Counts 4, 7 and 10) under United States v. Davis, 588 U.S. ___, 139 S.Ct. 2319 (2019). (Id., ECF No. 184) In its Response to the Motion, the Government concedes that the Movant's sentences on Counts 7 and 10 must be vacated, but argues that the sentence on Count 4 (which includes as a predicate the crime of armed bank robbery) should stand. (Case No. 20-cv-81129, ECF No. 8 at 2)

## II. DISCUSSION

### A. The Motion

The Movant argues that his sentence on Count 4[1] must be vacated in light of Davis, which held that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B)[2], the "residual clause" of the statute, is unconstitutionally vague. In its Order granting the Movant leave to file the instant Motion, the Eleventh Circuit found

---

[1] The undersigned will not address the Movant's arguments as they relate to Counts 7 and 10 because the Government concedes that the sentences imposed on those counts must be vacated.

[2] 18 U.S.C. § 924(c)(3)(B) defines a crime of violence as one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

that the Movant had made the requisite prima facie showing that he had met the criteria of § 2255(h)(2), which permits a movant to file a successive motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The court stated that although Count 4, 7 and 10 each listed multiple predicate offenses, the predicates included conspiracy to commit Hobbs Act robbery, which is not a "crime of violence" for purposes of the elements clause under Brown v. United States, 942 F. 3d 1069 (11th Cir. 2019), as well as conspiracy to commit bank robbery, as to which there was no binding precedent holding that it qualifies as a crime of violence under the "elements clause," § 924(c)(3)(A). Further, because the jury returned a general verdict, it was unclear whether Hobbs Act conspiracy or conspiracy to commit bank robbery was the offense which served as the basis for the jury's verdict on any of the three counts. (Case No. 05-cr-80063 ECF No. 184 at 4)

The Movant argues that this Court must operate on the assumption that the jury convicted him on Count 4 based on the invalid predicate Hobbs Act conspiracy or the presumably invalid predicate of conspiracy to commit armed bank robbery. The Movant relies on Stromberg v. California, 283 U.S. 359 (1931), which holds that "a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground." Zant v. Stephens, 462 U.S. 862, 881 (1983).

The Movant notes that the Eleventh Circuit interpreted Stromberg as holding that "a conviction cannot be upheld if (1) the jury was instructed that a guilty verdict could be returned with respect to any one of several listed grounds, (2) it is impossible to determine from the record upon which ground the jury based the

conviction, and (3) one of the listed grounds was unconstitutionally invalid." Adams v. Wainwright, 764 F.2d 1356, 1362 (11th Cir. 1985). A reviewing court must "examine only the trial court's instructions and the jury's verdict, not the sufficiency of the evidence to support the verdict." Id. at 1362. If this examination reveals that it is impossible to say on which ground the verdict rests, the conviction must be reversed. Id. This analysis also applies in habeas proceedings. Parker v. Sec'y, Dept. of Corr., 331 F.3d 764, 778-80 (11th Cir. 2003).

The Movant cites Henry Wainwright v. United States of America, Case No. 19-cv-62364 (ECF No. 22), where Senior United States District Judge James I. Cohn relied on Stromberg and Adams to vacate the petitioner's § 924(c) conviction. He also cites three cases decided by United States District Judge Paul Huck which granted §2255 motions based on Stromberg: Iramm Wright v. United States, Case No. 19-cv-24060 (ECF No. 11); Joshua Adside v. United States, Case No. 19-cv-24475 (ECF No. 19), and Taurus Taylor v. United States, Case No. 20-cv-22618 (ECF No. 14), as well as a similar ruling by United States District Judge Cecilia Altonaga in Horne v. United States, Case No. 20-cv-22108 (ECF No. 10).

Additionally, the Movant relies on In re Gomez, 830 F.3d 1225 (11th Cir. 2016). In that case, as here, the indictment was "duplicitous" because it listed multiple potential predicate offenses in a single § 924(c) count. As a result, the court noted that it was impossible to ascertain what the jury found with regard to Gomez' connection to a gun and the alleged predicate crimes. This is because "a general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty to conspiring to carry a firearm during one of the predicate offenses, all of the predicate offenses, or guilty of conspiring during some and not others." Id. at 1227. The court found that this lack of clarity particularly significant in light of Alleyne v. United

States, 570 U.S. 99 (2013), stating: "Alleyne held that because these findings 'increase the mandatory minimum sentence,' they are 'elements and must be submitted to the jury and found beyond a reasonable doubt.'" Gomez, 830 F.3d at 1227 (quoting Alleyne, 570 U.S. at 108)). Although a reviewing court, based on the trial record, could guess the predicate on which the jury relied, "Alleyne expressly prohibits this type of 'judicial factfinding' when it comes to increasing a defendant's mandatory minimum sentence." Id. at 1228.

The Movant construes Gomez and Alleyne to mandate that a court must presume that the jury relied on the "least culpable offense" as the predicate crime.[3] Thus, in the instant case, the Movant contends that this Court would be required to assume that in deliberating on Count 4, the jury determined conspiracy to commit Hobbs Act robbery to be the operable predicate. He asserts that since Davis and Brown held that Hobbs Act conspiracy does not qualify as a "crime of violence" for purposes of §§ 924 (c), the Movant's convictions on Count 4 must be vacated.

B. The Government's Response

1. Procedural Default

The Government asserts that the Movant is precluded from raising his claim because he did not raise it in prior proceedings. The undersigned notes the Government apparently has chosen to waive this argument as it pertains to the sentences on Counts 7 and 10, which the Government agrees should be vacated.

---

[3] The Movant believes that this approach is bolstered by Shephard v. United States, 544 U.S. 13, 26 (2005), which held that "enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense [thereby qualifying as a predicate offense under the ACCA] is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."

In <u>United States v. Frady</u>, 456 U.S. 152 (1982), the Supreme Court held that in order to obtain collateral relief based on trial errors to which no objection was made at the time of trial, a convicted defendant must show both cause excusing his failure to raise the issue at a proper earlier review stage and actual prejudice resulting from the errors.  If a movant cannot show both cause and actual prejudice, his motion cannot be considered unless the movant can demonstrate "actual innocence:" that is, he must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  <u>Bousley v. United States</u>, 523 U.S. 614, 622-23 (1998). The Eleventh Circuit has construed "actual innocence" to mean "factual innocence, not mere legal insufficiency," and stated that "the exception is a narrow one."  <u>McKay v. United States</u>, 657 F.3d 1190, 1197-98 (11th Cir. 2011) (emphasis in original).

The Government points out that in the instant case, the Movant did not attempt to show cause for failing to raise his claim on direct appeal.  The Government acknowledges that while novelty of a claim may constitute sufficient cause for purposes of this analysis, a claim is not novel where "others were recognizing and raising the same or similar claims" before or during the time when the movant failed to do so.  <u>Pitts v. Cook</u>, 923 F. 2d 1568, 1572 (11th Cir. 1991).  Moreover, "[e]ven if others have not been raising a claim, the claim may still be unnovel if a review of the historical roots and development of the general issue involved indicate that petitioners did not 'lack[] the tools to construct their constitutional claim.'" <u>Id.</u> (quoting <u>Engle v. Issac</u>, 456 U.S. 107, 133 (1982)). The Government asserts that the tools to construct the vagueness claim which was successful in <u>Davis</u> existed long before that decision was rendered.  Therefore, the Government contends, the Movant has not demonstrated cause for failing to raise his claim on direct appeal.

The Government also argues that the Movant has failed to show actual prejudice resulting from his conviction on Count 4, which included the valid predicate offense of armed bank robbery. The Government points out that if the Defendant had objected to Count 4 on the ground that it was duplicitous, the count would have been split into three § 924(c) counts, each with a single predicate. Since the jury found the Movant guilty of bank robbery with a firearm, he would have been convicted of the § 924(c) count which listed bank robbery as the predicate offense.

The Government also contends that based on the facts elicited at trial and the co-extensive nature of the predicate offenses, the Movant cannot show any reasonable likelihood that the jury would have found that he used and carried a firearm only in relation to the charged conspiracies and not during the commission of the armed bank robbery. The Government argues that this Court is not required, as the Movant contends, to presume that the jury utilized the invalid Hobbs Act robbery conspiracy or the bank robbery conspiracy as the predicate for the Movant's conviction on Count 4.

Finally, the Government asserts that the Movant is not actually innocent of the offense alleged in Count 4, since actual innocence refers to "factual innocence, not mere legal insufficiency." Bousely v. United States, 523 U.S. 614, 623 (1998). The Government again emphasizes that the Movant was found guilty of Count 2, which charged him with armed bank robbery, which clearly constitutes a crime of violence and a valid § 924(c) predicate. In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016).

2. Merits

The Government primarily relies on In re: Cannon, 931 F.3d 1236 (11th Cir. 2019), which also involved a defendant who was convicted of violating § 924(o) where multiple predicates, including Hobbs Act robbery conspiracy, were alleged in a

single count. The court stated even though one of multiple alleged predicates is invalid, "the movant still bears the burden of proving the likelihood that the jury based its verdict of guilty in [the § 942(o) count] solely on the Hobbs Act conspiracy, and not also on one of the other valid predicate offenses identified in the count. . . ." Id. at 1243 (citing Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017)).

The Cannon court noted that "in even the limited record before us, there is some indication that the jury's § 942(o) verdict did not rest solely on the conspiracy to commit the Hobbs Act robberies predicate because (1) the robberies were inextricably intertwined with the charged conspiracy to possess with intent to distribute cocaine and marijuana, and (2) the jury found the narcotics conspiracy proven beyond a reasonable doubt." Id. at 1243-44. Thus, "[w]here a §924(o) verdict firmly rests on a clearly qualifying drug-trafficking predicate, there may not be a concern about a possible defect in a related crime of violence predicate." Id. at 1244 (citing United States v. Vasquez, 672 F. App'x. 56, 61 (2d Cir. 2016) and Davila v. United States, 843 F.2d 729, 731 (7th Cir. 2016)). In deciding whether the movant had met the statutory requirements for filing a second or successive motion, the district court on remand should consider the merits of the motion, as well as any defenses or arguments raised by the respondent, "such as waiver, procedural default, or the concurrent sentence doctrine." Id. at 1245.

The Government also relies on United States v. Nesbitt, 809 F. App'x 705, 705 (11th Cir. 2020). In that case, a direct appeal, Nesbitt challenged his conviction on a § 924(c) count, arguing that the count was duplicitous because it alleged two predicates, one of which was conspiracy to commit Hobbs act robbery. The Eleventh Circuit held that even if the Movant could establish that this was plain error, he could not show that the error affected his substantial rights by demonstrating "'a reasonable

probability that, but for the error, the outcome of the proceeding would have been different.'" Id. at 710 (quoting Molina-Martinez v. United States, ___ U.S. ___, 136 S.Ct. 1338, 1343 (2016)).

The court distinguished Gomez on the basis that the sole issue in that case was whether the movant had made a prima facie showing that his conviction might be unlawful for purposes of filing a second or successive motion. The court also distinguished Alleyne because the district judge in Nesbitt's case did not make a factual determination of which predicate offense supported the § 924(c) count. The Eleventh Circuit concluded that Nesbitt could not meet his burden in light of overwhelming evidence that the substantive Hobbs Act robbery supported his § 924(c) conviction.

The Government also cites Hedgpeth v. Pulido, 555 U.S. 57 (2008), a case decided by the Supreme Court after Stromberg. In that case, the court held that instructing a jury on multiple theories of guilt, one of which was invalid, is not a structural error requiring that a conviction based on a general verdict must be set aside on collateral review regardless of whether the flaw in the jury instructions prejudiced the Defendant. Instead, the flawed instruction was subject to the heightened harmless error test set forth in Brecht v. Abramson, 507 U.S. 619 (1993): whether the "error 'had substantial or injurious effect or influence in determining the jury's verdict.'" Brecht at 623 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).[4]

---

[4] The Supreme Court has construed Brecht as holding that the burden is on the Government to demonstrate that the error had no substantial or injurious effect on the jury. United States v. Dominguez Benitez, 542 U.S. 74, 81 n. 7 (2004) (citing Brecht, 507 U.S. at 638).

The Government here points out that Parker, on which the Movant relies, was decided before Hedgpeth and was an attempt to reconcile Stromberg's holding with the general principle that most constitutional violations are subject to harmless error review. The Government asserts that the Movant cannot meet the Hedgpeth/Brecht standard because he cannot show that his conviction of the § 924(c) offense alleged in Count 4 was not based on the bank robbery alleged in Count 2, of which the Movant was convicted.

### C. The Movant's Reply

The Movant argues that he is not required to show cause and prejudice to excuse his procedural default because, based on the holdings of Davis and Brown that conspiracy to commit Hobbs Act Robbery is not a "crime of violence" for purposes of either the "elements" or the "residual" clause of § 924(c), he is "actually innocent" of the offenses alleged in Count 4. He notes that pursuant to Murray v. Carrier, 477 U.S. 478, 496 (1986) and Bousely v. United States, 523 U.S. 614, 623 (1998), procedural default is excused where a defendant is "actually innocent" of the offense.

Alternatively, the Movant argues that he has shown sufficient cause for his failure to raise his Davis claim in prior proceedings because this claim was not available to him at the time of sentencing or direct appeal. Reed v. Ross, 468 U.S. 1, (1984). That case held that a claim may be found not to have been "reasonably available" where the claim is "one in which this Court has articulated a constitutional principle that had not been previously recognized but which is held to have retroactive application." Id. at 15.

The Eleventh Circuit consistently has held that Davis has established a new rule of constitutional law that applies retroactively. See, In re Hammoud, 931 F.3d 1032, 1038 (11th Cir. 2019). To support his argument that the Davis claim was

not reasonably available to him previously, the Movant cites to Hargrave v. Dugger, 832 F.2d 1528, 1532-33 (11th Cir. 1991), where the court held that a Florida Supreme Court decision which was a direct reversal of Florida mitigating circumstances law was "a sufficiently 'clear break with the past,' so that an attorney representing the defendant would not reasonably have had the tools for presenting the claim in the state courts." Id. at 1531 (quoting Reed, 468 U.S. at 17)).

The Movant notes that in Jose Gonzalez v. United States of America, Case No. 19-cv-24983 (ECF No. 9), United States District Judge Ursula Ungaro found that the movant, whose conviction occurred more than seven years before Johnson and more than ten years before Davis, had established the requisite cause to excuse his procedural default. She concluded that "Gonzalez's challenge to § 924(c) was not simply 'unacceptable to that particular court at that particular time'; rather, it was not reasonably available to Gonzalez at the time of his direct appeal in 2008." Id. at 8.

The Movant argues that he also has established "prejudice" because the issue here is more than a sentencing matter. He contends that the prejudice resulting from being convicted and sentenced for a non-existent crime is manifest, citing Davis v. United States, 417 U.S. 333, 346-47 (1974) (conviction and punishment for an act that the law does not make criminal inherently results in a complete miscarriage of justice and presents exceptional circumstances that justify collateral relief under § 2255).

Regarding the merits of his claim, the Movant asserts that Stromberg and Parker control, and points out that no argument based on these cases was presented to, or addressed by the Eleventh Circuit in either Cannon or Nesbitt. The Movant also contends that Cannon's comment regarding the burden on a movant to show that a jury considering multiple predicates relied on the one which was invalid is mere dicta.

He emphasizes that this is the conclusion reached by Judge Cohn in <u>Henry Wainwright v. United States of America</u>, Case No. 19-cv-62364 (ECF No. 22) and Judge Huck in <u>Iramm Wright v. United States</u>, Case No. 19-cv-24060 (ECF No. 11); <u>Joshua Adside v. United States</u>, Case No. 19-cv-24475 (ECF No. 19), and <u>Taurus Taylor v. United States</u>, Case No. 20-cv-22618 (ECF No. 14).

The Movant also cites <u>Parker</u> for the proposition that an error based on <u>Stromberg</u> is not harmless, as recognized by Judge Huck in <u>Wright</u>, <u>Adside</u> and <u>Taylor</u>. According to the Movant, <u>Parker</u> is fully consistent with <u>Hedgpeth</u> and <u>Brecht</u>, and compels the conclusion that the Movant's conviction on Count 4 must be vacated.

### D. <u>Cases Pending Before the Eleventh Circuit</u>

In a case involving the identical issue that is pending before Senior Judge Federico Moreno: <u>Marcos Gamino v. United States</u>, Case No. 19-cv-23844, the Government asked the Court to stay the proceedings because the 11th Circuit recently heard argument on Cannon's appeal of the trial court's decision on remand.  At a hearing before the undersigned, counsel for the Movant suggested that if this Court were inclined to stay the proceedings, there are two cases awaiting argument before the 11th Circuit which clearly present the <u>Stromberg</u> analysis: <u>Carlos Granada v. United States</u>, 11th Cir. Case No. 17-15194 (scheduled for oral argument on January 14, 2021) and <u>Anthony Foster v. United States</u>, 11th Cir. Case No. 19-14771 (scheduled for oral argument on January 12, 2021).

The undersigned believes that in deciding these cases, the Eleventh Circuit will determine what, if any impact <u>Stromberg</u> and <u>Parker</u> have on the burden of proof articulated in <u>Cannon</u>.  It also is possible that other questions may be answered: whether the <u>Davis</u> claim was available at the time of the Movant's direct appeal, thereby preventing him from establishing cause for failure to raise it at that

time, and whether the Movant need not show either cause or prejudice because Davis renders the Movant "actually innocent" of the offenses charged in Count 4.  Each of these questions is a close one with compelling arguments on each side.

The undersigned believes that the interest of judicial economy will be served by staying consideration of the Movant's Motion to Vacate as it pertains to Count 4, until the three cases listed above are decided by the Eleventh Circuit.  The Movant will not be prejudiced by the stay, since he has not completed the sentence imposed by the Court, excluding the sentences on Counts 4, 7 and 10.  The parties should be directed to notify this Court as soon as the decisions in the three appellate cases are issued.  In light of the Government's concession, the Motion should be granted as to Counts 7 and 10.

## IV. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Movant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 6) be GRANTED, in part, as follows:

1. The Movant's conviction and sentence on Counts 7 and 10 should be vacated;

2. This Court should reserve ruling on the Motion as it pertains to Count 4 until such time as the Eleventh Circuit issues its opinions in the second Cannon case and in Carlos Granada v. United States, 11th Cir. Case No. 17-15194 and Anthony Foster v. United States, 11th Cir. Case No. 19-14771, and

3. The parties should be directed to notify this Court as soon as those opinions are issued.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Donald Middlebrooks, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 29th day of December, 2020.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record